IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. PAUL ANTHONY BUCKNER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-A-283     Seth Norman, Judge**

---

**No. M2003-01743-CCA-R3-CD - Filed February 25, 2004**

---

The defendant pled guilty to two counts of attempted second degree murder. Following a sentencing hearing, the trial court imposed two consecutive ten-year sentences. The defendant contends on appeal the trial court erred in imposing consecutive sentences. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Paul Anthony Buckner.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Christopher R. Buford and Sarah N. Davis, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

On May 21, 2001, the defendant repeatedly stabbed the two victims, Ebony Taylor and Cassandra Thomas, with a knife. The defendant was indicted on two counts of attempted first degree murder, but pled guilty to attempted second degree murder. The trial court conducted a sentencing hearing and imposed two consecutive ten-year sentences, for an effective sentence of twenty years. The defendant argues the trial court improperly found that he was a "professional criminal" and "dangerous offender" in support of the consecutive sentences. *See* Tenn. Code Ann. § 40-35-115(b)(1), (4).

### FACTUAL BACKGROUND

The defendant and one of the victims, Cassandra Thomas, had been involved in a romantic relationship. At the time of the current offense, an aggravated assault case in which Ms. Thomas was

the victim was pending against the defendant. On the night of May 21, 2001, the defendant appeared at Ms. Thomas' residence, but she was not there. Ebony Taylor was at Ms. Thomas' residence babysitting Ms. Thomas' children.

Ms. Taylor testified that after entering the house against her wishes, the defendant locked the front door, pulled a knife, and stabbed her in the face, chest and lower body. The defendant told Ms. Taylor she was going to die and that "we're all going to die." Ms. Taylor pleaded for her life, telling the defendant that she had a son. Ms. Thomas returned home during the assault, and the defendant began stabbing her. Ms. Thomas sustained wounds to her arm, back, side, and chest. Ms. Taylor and Ms. Thomas were hospitalized for three and four days, respectively. The defendant, who stabbed himself in the chest following the assaults on the victims, was also hospitalized.

## CONSECUTIVE SENTENCES

The defendant contends the trial court erred in applying factors (1) and (4) of section 40-35-115(b) of Tennessee Code Annotated. A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:

(1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) [t]he defendant is an offender whose record of criminal activity is extensive;

. . .

(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

. . . .

Tenn. Code Ann. § 40-35-115(b)(1), (2), (4); *see also* <u>State v. Imfeld</u>, 70 S.W.3d 698, 708 (Tenn. 2002). Furthermore, in the event the trial court finds a defendant is a "dangerous offender," it must also determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; and (2) serve to protect the public from further criminal conduct by the offender. <u>State v. Wilkerson</u>, 905 S.W.2d 933, 939 (Tenn. 1995).

The defendant, in the ten years prior to these offenses, was convicted of the felony sale of drugs, two assaults, criminal trespass, possession of drug paraphernalia, malicious mischief, fraud, possession of a gambling device, three counts of driving on a revoked license, and several motor vehicle violations. Additionally, the defendant has a probation violation. Despite the defendant's numerous prior convictions, however, the record does not indicate the defendant's criminal acts were a major source of his livelihood. We must, therefore, conclude the trial court erred in finding the

defendant was a "professional criminal" whose criminal acts were a "major source of livelihood." *See* Tenn. Code Ann. § 40-35-115(b)(1).

With respect to factor (4), a "dangerous offender," the trial court failed to make the <u>Wilkerson</u> findings.[1]  Nevertheless, by conducting a *de novo* review, we find abundant proof in the record that extended sentencing is necessary to protect the public from future criminal conduct and that an effective sentence of twenty years reasonably relates to the severity of the offenses. *See* <u>Wilkerson</u>, 905 S.W.2d at 939.  Both offenses were unprovoked, violent crimes.  The defendant at the time of these offenses had a pending aggravated assault against one of the victims.  He viciously stabbed and tried to kill the babysitter, Ms. Taylor, and Ms. Thomas while Ms. Thomas' children were in the residence.  He then stabbed himself.  His prior criminal history included assaults.  Thus, the defendant qualifies as a dangerous offender. *See* Tenn. Code Ann. § 40-35-115(b)(4).  We also note the criminal history of this defendant is indeed "extensive," thus making factor (2) applicable even though the trial court did not apply this factor. *See id.* § 40-35-115(b)(2).  The trial court did not err in ordering consecutive sentencing.

Accordingly, the judgments of the trial court are affirmed.

_____
JOE G. RILEY, JUDGE

---

[1]The same trial court has failed to make these required findings on numerous prior occasions. *See, e.g.,* <u>State v. Turner</u>, 41 S.W.3d 663, 675 (Tenn. Crim. App. 2000); <u>State v. Kerry L. Dowell</u>, No. M2002-00630-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 557, at *51 (Tenn. Crim. App. June 27, 2003), *perm. to app. denied* (Tenn. 2003); <u>State v. Maurice Lamont Davidson</u>, No. M2002-00178-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 50, at *38 (Tenn. Crim. App. Jan. 22, 2003), *perm. to app. denied* (Tenn. 2003); <u>State v. Mario Pendergrass</u>, No. M1999-02532-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 311, at *63 (Tenn. Crim. App. Apr. 5, 2002); <u>State v. Darrell M. Scales</u>, No. M2000-03150-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 33, at *33 (Tenn. Crim. App. Jan. 11, 2002), *perm. to app. denied* (Tenn. 2002); <u>State v. Jason C. Carter, et al.</u>, No. M1998-00798-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 340, at *38 (Tenn. Crim. App. Apr. 27, 2000), *perm. to app. denied* (Tenn. 2000); <u>Tyrone W. Vanlier, Sr. v. State</u>, No. 01C01-9805-CR-00205, 1998 Tenn. Crim. App. LEXIS 761 (Tenn. Crim. App. July 23, 1998) (order remanding for the second time for findings as to consecutive sentencing)); <u>State v. Tyrone W. Vanlier, Sr.</u>, No. 01C01-9608-CR-00341, 1997 Tenn. Crim. App. LEXIS 918, at *12 (Tenn. Crim. App. Sept. 19, 1997) (remanding for findings as to consecutive sentencing). By continually failing to abide by our state supreme court's directive in <u>Wilkerson</u>, the trial court's consecutive sentencing loses its presumption of correctness and requires this court to either review consecutive sentencing *de novo* without any presumption of correctness or remand for further findings.  Our state supreme court's holding in <u>Wilkerson</u> "requires" that the trial court make these two findings for "the imposition of consecutive sentences on an offender found to be a dangerous offender." <u>Wilkerson</u>, 905 S.W.2d at 939.